RECEIVED
IN LAKE CHARLES, LA

MAR 24 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:15CR00018-02 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| GONZALO ESQUIVEL | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is the Government's objection to the Presentence Report ("PSR") prepared by the Probation Department.[1] The Government objects to the PSR because it does not include a four-level increase for the specific offense characteristic in U.S.S.G. §2A2.2(b)(2)(B) for the use of a dangerous weapon. The Government argues that the shoes the defendants wore as they stomped on the head of their victim were dangerous weapons. Probation and defense counsel disagree and argue that the increase is not appropriate.

United States Sentencing Guideline § 2A2.2(b)(2)(B) provides for a four-level increase in offense level when a dangerous weapon is used in the assault. *See* USSG § 1B1.1, comment. (n.1(d)) ("Where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon."). In *United States v. Serrata*, 425 F.3d 886 (10th Cir. 2005), the district court concluded that whether or not an instrument is a dangerous weapon "turns on, if the instrument that is used or involved in the offense is used with the intent to commit bodily injury." In *Serrata*, the court reasoned that the evidence established that the kicking of the inmate's head with

---

[1] There were no objections by the defense.

boots when the inmate was restrained ... warranted the imposition of the four-level increase. *Id.* at 909. In a discussion of the specific facts of the *Serrata* case, the court said that there was no question that Fuller, surrounded by other correctional officers, repeatedly used his boots with sufficient force to cause Duran, who was unquestionably on the ground at the time, head injuries. § 1B1.1, comment. n. 1(b) ("bodily injury" means any significant injury, *e.g.,* injury that is painful and obvious or is of type for which medical attention ordinarily would be sought). For the district court to conclude the boots to be a dangerous weapon, the court may find that " 'in the proper circumstances, almost anything can count as a dangerous weapon, including walking sticks, leather straps, rakes, *tennis shoes*, rubber boots, dogs, rings, concrete curbs, clothes irons, and stink bombs.' " (emphasis added). *United States v. Tissnolthtos,* 115 F.3d 759, 763 (10th Cir.1997) (holding a piece of firewood to be a dangerous weapon) (quoting *United States v. Dayea,* 32 F.3d 1377, 1379 (9th Cir.1994)); *see also United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994) (concluding that "a belt and a shoe can be dangerous weapons" for purposes of 18 U.S.C. § 113). Given the circumstances before it, the district court correctly considered the boots to be dangerous weapons. *Id.*, 425 F.3d at 909.

The defense argues that *Serrata* and *Riggins* are distinguishable. *Serrata* involved a corrections officer kicking a restrained inmate with work boots. *Riggins* involved a mother who beat her two year old son with a shoe and belt and the court found that the belt and shoe in question "as used against a two-year-old- were dangerous weapons."

United States Sentencing Guideline § 2A2.2(b)(2)(B) provides for a four-level increase in offense level when a dangerous weapon is used in the assault. The court held that the enhancement for use of a dangerous weapon was properly applied at sentencing for assault resulting in serious bodily injury in Indian country, based on defendant's use of steel-toed boots to kick victim

repeatedly, even though jury expressly acquitted defendant of using a dangerous weapon; defendant confessed to his use of the boots. 18 U.S.C.A. §§ 113(a)(6), 1153; U.S.S.G. § 2A2.2(b)(2)(B), 18 U.S.C.A.; *United States v. McIntosh*, 232 F. App'x 752 (10th Cir. 2007).

In the case at bar, the PSR states that Esquivel and another inmate were involved in an altercation and Esquivel received serious bodily injury. Esqivel's assault took place in the presence of co-defendants Alonzo Deleon and Rafael Velasco. Esquivel, Deleon and Velasco did not notify prison authorities of the fight. Instead, Esquivel ran toward his assailant and assaulted him.

Esquivel's assailant was Christian Sanchez. Sanchez received serious injuries to his face and head. (PSR ¶¶12 and 13). The PSR does not state that these injuries were caused by fists or shoes or any other means. The Government, in the objection, alleges that reports by corrections officers indicate that Velasco, Deleon and Esquivel "beat the victim down and stomped the victim about the head and face as they disregarded officers' commands to stop." (Government Objection No.1)

Because these facts are not contained in the PSR, the Government will be given an opportunity to introduce evidence of this "stomping" of the victim. If this fact is established to the satisfaction of the court, then the four-level increase would be appropriate for use of a dangerous weapon, increasing the total offense range to 12. With a criminal history category of V, the guideline range would be 27-33 months.

Lake Charles, Louisiana, this 26 day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE